## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBUS LIFE INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>  v.<br><br>WILMINGTON TRUST COMPANY, as Securities Intermediary<br><br>         Defendant. | C.A. No. 1:20-CV-00744-MN<br><br>**TRIAL BY JURY OF TWELVE DEMANDED** |

### COLUMBUS LIFE'S MOTION FOR REMAND TO THE SUPERIOR COURT OF THE STATE OF DELAWARE, COMPLEX COMMERCIAL LITIGATION DIVISION

Plaintiff Columbus Life Insurance Company ("Columbus Life") respectfully moves to remand this case to the Superior Court of the State of Delaware, Complex Commercial Litigation Division. In support of Columbus Life's Motion to Remand, Columbus Life states as follows:

1. On June 1, 2020, Columbus Life filed a Complaint against Defendant Wilmington Trust Company, as Securities Intermediary ("Wilmington Trust Company"), in the Superior Court of Delaware, Complex Commercial Litigation Division, No. N20C-06-012 PRW CCLD. Complaint, attached hereto as Exhibit A.

2. Due to the COVID-19 pandemic, it was not possible for Columbus Life to effectuate service on Defendant Wilmington Trust Company until June 8, 2020.[1] Proof of Service, attached hereto as Exhibit B.

---

[1] After a complaint is filed in Delaware Superior Court, the Prothonotary must issue a summons, which then must be sent to the Sheriff for service of process on the defendant. Del. Sup. Ct. R. 4. As a result of the COVID-19 pandemic, the Prothonotary was running at limited capacity, causing significant delays to the issuance of summons, and thus, ultimately, to service of process.

3. After the Complaint was filed—but before service could be effectuated—Wilmington Trust N.A. filed a notice of removal with this Court, purporting to remove this action under the so-called "snap removal" rule set down in *Encompass Insurance Company v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018). ECF No. 1.

4. Wilmington Trust, N.A., however, is not a defendant in this matter; rather, the sole defendant in this matter is a different entity known as Wilmington Trust Company.

5. Title 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the ***defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added).

6. Here, although Wilmington Trust N.A. purported to remove this action to federal court, Wilmington Trust N.A. is not a "defendant." As a consequence, Wilmington Trust' N.A.'s purported removal was ineffective under the plain language of the removal statute. *See Encompass*, 902 F.3d at 152-53 (enforcing plain language of removal statute as against arguments that doing was "nonsensical," "absurd," and not "intended" by Congress).

7. Moreover, because Wilmington Trust Company—the actual defendant—has now been "properly joined and served," Wilmington Trust Company (a citizen of Delaware) is barred from removing this action under the forum defendant rule. *See* 28 U.S.C. § 1441(b)(2).

8. Not only is this the correct result under the plain language of the removal statute, but it is also the only equitable result. By purporting to remove to federal court, Wilmington Trust N.A. was attempting to take advantage of a plain language exception to the forum defendant rule (allowing a defendant to remove after filing but before service) that many find to be hyper-technical. Moreover, Wilmington Trust N.A. was attempting to do so at a time when it was literally

impossible—given the interplay between the global pandemic and Delaware's service rules—for Columbus Life to effectuate service of the Complaint on Wilmington Trust Company any sooner. Having elected to try to take advantage of the plain language of the removal rules, there is nothing inequitable with applying that same plain language of that same statute to defeat the removal.

9. Because Wilmington Trust Company did not file a notice of removal prior to being "properly joined and served," the notice of removal was ineffective, and the case should be remanded to state court where it was originally filed.

For the above-stated reasons, Columbus Life respectfully requests that this Court remand the suit to the Superior Court of Delaware, Complex Commercial Litigation Division, and for such other relief this Court deems proper.

Dated: July 1, 2020

Respectfully submitted,

By: */s/ Donald L. Gouge, Jr.*
Donald L. Gouge, Jr. (No. 2234)
DONALD L. GOUGE, JR., LLC
800 N. King St., Ste. 303
Wilmington, DE 19801
(302) 658-1800, Ext. 1

COZEN O'CONNOR
1650 Market St., Ste. 2800
Philadelphia, PA 19103
Michael J. Miller (*pro hac vice to be filed*)
Joseph M. Kelleher (*pro hac vice to be filed*)
Philip J. Farinella (*pro hac vice to be filed*)
*Attorneys for Plaintiff Columbus Life Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 1, 2020, I electronically filed the Plaintiff's Motion to Remand to the Superior Court of Delaware, Complex Commercial Litigation Division, with the Clerk of the Court using the ECF, which will send a notification of such filing to the following:

| | |
|---|---|
| Steven L. Caponi<br>Matthew B. Goeller<br>K&L Gates LLP<br>600 N. King St., Ste. 901<br>Wilmington, DE 19801<br>(302) 416-7000 | Steven G. Sklaver<br>Susman Godfrey LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br><br>Ari Ruben<br>Susman Godfrey LLP<br>1301 Avenue of the Americas, 32nd Floor<br>New York, NY 10019<br>*Attorneys for Defendant Wilmington Trust Company, as Securities Intermediary, and Non-Party Wilmington Trust, N.A.* |

DATED: July 1, 2020                                                              */s/ Donald L. Gouge, Jr.*
                                                                                                        Donald L. Gouge, Jr.