**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COLUMBUS LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 20-744-MN-JLH |
| WILMINGTON TRUST COMPANY, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court is a motion to remand filed by Plaintiff Columbus Life Insurance Company. (D.I. 7.) I recommend GRANTING the motion. I held a hearing on November 3, 2020, and my Report and Recommendation was announced from the bench at the conclusion of the hearing as follows:

> This is my report and recommendation on Plaintiff's motion to remand this action to the Superior Court of the State of Delaware. (D.I. 7.) I will not be issuing a separate written report, but I will issue a report and recommendation that incorporates by reference my oral ruling today. We have followed a full process in coming to this decision. I have reviewed the parties' briefing on the motion and the accompanying declaration. I have read most, if not all, of the cases cited in the papers, and I've read some cases not cited in the papers. I've heard oral argument here today, and the positions, I must say, were very well argued by both sides. I do appreciate the preparation and skill of the attorneys on the phone today.
>
> For the reasons I will state, I recommend that Plaintiff's motion to remand be GRANTED.
>
> This action is one of several stranger-oriented life insurance (STOLI) cases filed by Plaintiff Columbus Life Insurance Company that are currently pending before Judge Noreika. In each of the cases, Plaintiff seeks a declaration that a particular life insurance policy is void *ab initio* because it is an illegal human life wagering contract.

Plaintiff filed this particular action on June 1, 2020, in the Superior Court of the State of Delaware against Defendant Wilmington Trust Company, as securities intermediary of the policy at issue. *Columbus Life Insurance Company v. Wilmington Trust Company*, C.A. No. N20C-06-012 PRW (Del. Super. Ct.). It is undisputed that Defendant Wilmington Trust Company is a citizen of Delaware for purposes of diversity jurisdiction.

On June 3, 2020, a Notice of Removal was filed in this Court by Wilmington Trust, N.A. Significantly, Wilmington Trust, N.A. is not a party to this action. However, it is a defendant in several other STOLI cases filed by Plaintiff. (*See, e.g.*, C.A. Nos. 20-735, -736, -737.) The Notice of Removal filed in this case states that "Wilmington Trust, N.A., as Securities Intermediary . . . hereby removes the attached action pending in the Delaware Superior Court . . . to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 . . . ." (D.I. 1.) The signature block likewise states that the signatory represents "Wilmington Trust, National Association, as Securities Intermediary." Wilmington Trust, N.A. subsequently filed several other documents in this action, including a disclosure statement pursuant to Fed. R. Civ. P. 7.1, a stipulation to extend time, a joint statement pursuant to Local Rule 81.2, and a motion to admit counsel *pro hac vice* to appear on behalf of Wilmington Trust, N.A. (*See* D.I. 3, 4, 5, 6.)

Plaintiff served the named defendant, Wilmington Trust Company, with the Complaint on June 8, 2020. Then, on July 1, 2020, Plaintiff filed a motion to remand on the basis that the removal filed by Wilmington Trust, N.A. was ineffective because Wilmington Trust, N.A. is not a defendant in this action. (D.I. 7)

The next day, on July 2, 2020, Defendant Wilmington Trust Company filed a document styled, "Amended Notice of Removal." (D.I. 8.) The amended notice states that "Wilmington Trust Company, as Securities Intermediary . . . hereby removes the attached action pending in the Delaware Superior Court . . . ."

I'll now summarize the legal principles governing removal to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1441(a) sets forth the general rule that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending."

Pursuant to Subsection (b)(2), however, an action that is removable solely on the basis of diversity jurisdiction may not be removed if any of the parties "properly joined and served as defendants" is a citizen of the State where the action was filed. Subsection 1441(b)(2) is sometimes referred to as the forum defendant rule. In the Third Circuit, the forum defendant rule is not a jurisdictional rule; it is a procedural rule.[1]

Importantly, Subsection (b)(2) only applies where a party "properly joined and served" as a defendant is a citizen of the forum state, and the Third Circuit Court of Appeals interprets that very strictly. According to the Third Circuit, a defendant that would otherwise be precluded from removing an action due to the forum defendant rule may nevertheless remove to federal court if it has not yet been served with the complaint at the time it files the notice of removal.[2] That phenomenon is sometimes referred to as snap removal.

A plaintiff can avoid snap removal and keep its case in state court by serving a resident defendant quickly. In this case, however, Plaintiff contends—and Defendant has not disputed—that it was unable to immediately obtain the state court summons from the Delaware prothonotary, in this case and in the related cases against Wilmington Trust, N.A., due to courthouse staffing shortages related to the COVID-19 global pandemic.

Plaintiff's delay in serving Wilmington Trust Company in this action and Wilmington Trust, N.A. in the related actions opened up a window in time for Defendant to take advantage of snap removal. In the related actions between Plaintiff and Wilmington Trust, N.A., Wilmington Trust, N.A. took advantage of that opportunity and removed those cases to this court. (*See* C.A. Nos. 20-735, -736, -737.) Plaintiff has not moved to remand those cases to state court.

In this case, however, Plaintiff contends that the original notice of removal was improper because only a defendant to the action may remove it, and Wilmington Trust, N.A. is not a defendant in this action.

---

[1] *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018).

[2] *Encompass Ins.*, 902 F.3d at 151–54.

I agree with Plaintiff. The law is clear—and Defendant has not argued otherwise—that a non-party may not remove an action.[3] Wilmington Trust, N.A. is not a party. Therefore, the notice of removal filed by Wilmington Trust, N.A. was improper.

I also agree with Plaintiff that Wilmington Trust Company filed its July 2, 2020 "Amended Notice of Removal" too late to take advantage of the snap removal loophole. To accomplish a snap removal, a resident defendant must remove before it is served. Here, Wilmington Trust Company was served on June 8, 2020, but did not file a notice of removal until July 2, 2020. As a result, the forum defendant rule applies.

In so concluding, I reject Wilmington Trust Company's argument that its July 2, 2020 Amended Notice of Removal relates back to Wilmington Trust, N.A.'s June 3, 2020 Notice of Removal. As an initial matter, I disagree with Defendant's characterization of the original notice's references to Wilmington Trust, N.A. as mere typographical errors. Having the wrong corporate party take action in a case is not a typographical error. It may be an innocent and unfortunate mistake, but Wilmington Trust, N.A. was clearly the entity that was acting, as evidenced by the multiple documents filed by it.

In addition, I have reviewed the numerous cases cited by Wilmington Trust Company, and I conclude that they are all inapposite. Most of them stand for the proposition that a notice of removal filed by a defendant that is technically defective because it contains incorrect or inadequate factual allegations supporting the district court's subject matter jurisdiction may be amended freely within the 30-day time period set forth in 28 U.S.C. § 1446(b) or later under 28 U.S.C. § 1653.[4] That is not the issue here. For one thing, no one here has disputed that the Court has original jurisdiction over this case on the basis of diversity. More importantly, none of the cited cases—including the *Durnell v. Foti* case referred to during the argument today—considered whether a notice of removal filed by a defendant could relate to an earlier

---

[3] *See, e.g.*, *Gross v. Deberardinis*, 722 F. Supp. 2d 532, 534–35 (D. Del. 2010) ("[B]y its plain language the statute limits the right of removal to the 'defendant' or 'defendants.'").

[4] *See, e.g.*, *Dando v. Bimbo Food Bakeries Distrib., LLC*, No. 14-CV-02956 NLH/JS, 2014 WL 6991467, at *2 (D.N.J. Dec. 9, 2014) (allowing amendment of diversity allegations to clarify the basis for subject matter jurisdiction).

improper notice of removal filed by a non-defendant for purposes of invoking the snap removal rule.[5]

Unlike the cited cases, the defendant in this case, Wilmington Trust Company, did not file the original notice of removal that it now seeks to "amend." Wilmington Trust Company filed a notice of removal after it was served, which was too late to accomplish snap removal. Removal was thus unavailable under the forum defendant rule set forth in § 1441(b)(2).

To sum up, Wilmington Trust Company cannot simultaneously remove this action based on a strict interpretation of § 1441(b)(2) and also ask this Court to ignore the portion that states that an action "may be removed by *the defendant or the defendants*."

Accordingly, I recommend that Plaintiff's motion to remand be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B),(C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.

Dated: November 23, 2020

_____
The Honorable Jennifer L. Hall
United States Magistrate Judge

---

[5] *See Durnell v. Foti*, No. CV 19-2972, 2019 WL 4573247, at *2 (E.D. Pa. Sept. 20, 2019) (holding that listing the wrong date of service in the original notice of removal did not preclude removal where, in fact, the defendant filed the notice within the 30-day limit and was thus timely under the rules); *Miller v. Principal Life Ins. Co.*, 189 F. Supp. 2d 254 (E.D. Pa. 2002) (amended notice of removal clarified that the defendant that did not expressly consent to removal was a nominal defendant, thus its consent was not required).