IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COLUMBUS LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-744 (MN) |
| | ) |
| WILMINGTON TRUST COMPANY, as | ) |
| Securities Intermediary, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Donald L. Gouge, Jr., DONALD L. GOUGE, JR., LLC, Wilmington, DE; Michael J. Miller, Joseph M. Kelleher, Philip J. Farinella, COZEN O'CONNOR, Philadelphia, PA – Attorneys for Plaintiff.

Steven L. Caponi, Matthew B. Goeller, K&L GATES LLP, Wilmington, DE; Steven Sklaver, SUSMAN GODFREY LLP, Los Angeles, CA; Ari Ruben, SUSMAN GODFREY LLP, New York, NY – Attorneys for Defendant.

January 15, 2021
Wilmington, DE

**NOREIKA, U.S. DISTRICT JUDGE**

Presently before the Court are the objections (D.I. 31) of Defendant and Counterclaim-Plaintiff Wilmington Trust Company ("Defendant") to Magistrate Judge Hall's November 3, 2020 Report and Recommendation (D.I. 31-1 at 22-31, D.I. 32)[1] ("the Report"). The Report recommended granting the motion of Plaintiff Columbus Life Insurance Company ("Plaintiff") to remand the case to the Delaware Superior Court. The Court has reviewed the Report (D.I. 32), Defendant's objections (D.I. 31), and Plaintiff's response thereto (D.I. 33), and the Court has considered *de novo* the objected-to portions of the Report, the relevant portions of Plaintiff's motion to remand (D.I. 7), Defendant's response to the motion (*see* D.I. 15) and Plaintiff's reply (D.I. 19). For the reasons set forth below, Defendant's objections are OVERRULED, the Report is ADOPTED, and Plaintiff's motion to remand is GRANTED.

**I.  BACKGROUND**

On June 1, 2020, Plaintiff filed its Complaint against Defendant in the Superior Court of Delaware, Complex Commercial Litigation Division, No. N20C-06-012 PRW CCLD. (D.I. 1-1). On June 3, 2020, Wilmington Trust, National Association, filed a notice of removal in this Court. (D.I. 1). On June 8, 2020, Plaintiff served Defendant with the Complaint and Summons. Between June 8 and July 1, 2020, Wilmington Trust, National Association, filed a Rule 7.1 disclosure (D.I. 3), a stipulation (D.I. 4), a Rule 81.2 statement (D.I. 5), and two *pro hac vice* motions (D.I. 6) in this Court. On July 1, 2020, Plaintiff filed a motion to remand. (D.I. 7). The next day Defendant filed an "Amended Notice of Removal" that changed the party removing the action from Wilmington Trust, National Association to Wilmington Trust Company (the Defendant). (D.I. 8).

---

[1] Judge Hall announced her Report and Recommendation from the bench at the conclusion of the hearing held on November 3, 2020. (D.I. 31-1). Thereafter, on November 23, 2020, she issued a written order memorializing her ruling from the bench. (D.I. 32).

On November 3, 2020, Judge Hall heard oral argument on Plaintiff's motion to remand and recommended that this matter be remanded, because "[t]he law is clear . . . that a non-party may not remove an action. Wilmington Trust, NA is not a party. Therefore the notice of removal filed by Wilmington Trust, NA was improper." (D.I. 32 at 4). Judge Hall rejected the argument that Defendant's "amended" notice of removal related back to Wilmington Trust, N.A.'s notice of removal because "[h]aving the wrong corporate party take action in a case is not a typographical error." (*Id.*).

## II.  LEGAL STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). In actions based on diversity, such as this one, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Section 1442(b)(2) has been interpreted by the Third Circuit to preclude removal on the basis of in-state citizenship only when the defendant has been properly joined and served. *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018). It, thus, allows a defendant who would otherwise be precluded from removing an action due to the forum defendant rule to remove to federal court if it has not yet been served with the complaint at the time it files the notice of removal. That practice is sometimes referred to as snap removal.

## III.  DISCUSSION

There is no serious dispute that Defendant, Wilmington Trust Company, did not file a notice of removal prior to being "properly joined and served." Defendant was served on

2

June 8, 2020.  The first time Defendant's name appeared on a notice of removal was July 2, 2020, when Defendant filed its "Amended Notice of Removal."  (D.I. 8).  Instead, Defendant objects that the Report "erroneously refused to apply the relation-back doctrine" to give Defendant the benefit of the filing date of the original notice of removal.  (D.I. 31 at 3).  Specifically, Defendant argues that the Report is contrary to Third Circuit law, which allows an amended notice of removal to "clarify [or correct technical deficiencies in] the allegations already contained in the original notice," to relate back to the original notice of removal.  (D.I. 31 at 3-4 (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 n.12 (3d Cir. 2003) and *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969))).

The cases cited by Defendant, however, generally stand for the proposition that a notice of removal filed by a defendant that is technically defective because it contains incorrect or inadequate factual allegations supporting the district court's subject matter jurisdiction may be amended freely within the 30-day time period set forth in 28 U.S.C. § 1446(b) or later under 28 U.S.C. § 1653.  That, however, is not the issue.  Here, we have Defendant, Wilmington Trust Company, seeking relation back to a notice of removal filed by different company, Wilmington Trust, N.A., who is not a party to the action.  And none of the cases Defendant cites allowed relation back in those circumstances for purposes of invoking the snap removal rule.

Moreover, the Court disagrees that the notice of removal filed by Wilmington Trust, N.A. was simply a typographical error as asserted by Defendant.  (*See* D.I. 15 at 1-5, 8-10; D.I. 31 at 1-5, 7).  This is not a simple misspelling of Defendant's name.  It is the substitution of another company for the Defendant.  Moreover, it is not a "typographical error" that occurred just once – or even twice.  The original notice of removal filed refers to Wilmington Trust, N.A in the caption,

3

in the text, and in the signature block.  (D.I. 1).  And, additional documents were filed on behalf of Wilmington Trust, N.A. after removal.  (*See* D.I. 3, 4, 5, 6).

In sum, Defendant did not file the original notice of removal that it now seeks to "amend." Defendant only filed a notice of removal after it was served, which was too late to accomplish snap removal.  Removal was thus unavailable under the forum defendant rule set forth in § 1441(b)(2) and the case must be remanded.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's objections are overruled, the Report is adopted and Plaintiff's motion to remand is granted.  An appropriate order will be issued.